UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, KANSAS; THE STATE OF OKLAHOMA; CITY OF BALTIMORE, MARYLAND; CITY OF PANAMA CITY, FLORIDA; ANOKA COUNTY, MINNESOTA; CITY OF COLUMBIA, SOUTH CAROLINA; and CITY OF GOLDSBORO, NORTH CAROLINA; on behalf of themselves and all others similarly situated, | Civil Action:  1:08-CV-11349-PBS  Judge Patti B. Saris |
| Plaintiffs, | |
| v. | |
| McKESSON CORPORATION, | |
| Defendant. | |
| SAN FRANCISCO HEALTH PLAN, individually and on behalf of the State of California and on behalf of a class of political subdivisions in the State of California, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Francisco City Attorney Dennis J. Herrera, | Civil Action:  1:08-CV-10843-PBS  Judge Patti B. Saris |
| Plaintiffs, | |
| v. | |
| McKESSON CORPORATION, a Delaware corporation, | |
| Defendant. | |

| | |
|---|---|
| STATE OF CONNECTICUT,<br><br>Plaintiff,<br><br>v.<br><br>McKESSON CORPORATION, a Delaware corporation,<br><br>Defendant. | Civil Action:  1:08-CV-10900-PBS<br><br>Judge Patti B. Saris |

### JOINT SCHEDULING STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Local Rule 16.1(D), the parties jointly submit the following statement regarding the proposed schedule for the above-captioned cases.  The parties have conferred, and have agreed on the following schedule and discovery plan, except as set forth in Section II below.

### I.      JOINT STATEMENT

#### A.      Coordination and Consolidation of Public Payor Cases

There are currently three public payor cases on this Court's docket: *San Francisco Health Plan v. McKesson Corp.*, (Case No. 1:08-CV-10843-PBS); *Connecticut v. McKesson Corp.*, (Case No. 1:08-CV-10900-PBS), and *Douglas County v. McKesson Corp.*, (Case No. 1:08-CV-11349-PBS).  Plaintiffs submitted a proposed Case Management Order on February 5, 2009 [Docket Nos. 21, 21-2], stating their intention to drop the State of Oklahoma as a named plaintiff in the *Douglas County* case and to file a new, separate case on Oklahoma's behalf.  As a result, there will shortly be four public payor cases on the Court's docket.

The parties have agreed that discovery in all four public payor cases should be coordinated to the extent practicable under the scheduling order(s) entered by the Court and that depositions should simultaneously be cross-noticed in all four cases.  That agreement is without prejudice to any party's right to request or oppose coordination of other pretrial and trial proceedings or consolidation of these cases for all purposes.

B.      **Proposed Schedule**

1.      ***Douglas County and San Francisco Health Plan***

The parties have agreed to the following schedule for the *Douglas County* and *San Francisco Health Plan* cases:

| Event | Date |
|---|---|
| Amended Complaints due | February 15, 2009 |
| Initial disclosures due | March 16, 2009 |
| Responsive pleading/answer | March 16, 2009 |
| Opposition to motion to dismiss (if filed) | April 13, 2009 |
| Reply in support of motion to dismiss (if filed) | April 27, 2009 |
| Sur-Reply in support of motion to dismiss (if reply filed) | May 11, 2009 |
| Deadline for joining additional parties and amending the pleadings | May 1, 2009 |
| Non-expert discovery cut-off (depositions and written discovery responses must be completed) | October 30, 2009 |
| Motion for class certification | September 14, 2009 |
| Opposition to motion for class certification | November 13, 2009 |
| Reply in support of motion for class certification (if allowed) | December 18, 2009 |
| Sur-reply in opposition to class certification (if allowed) | January 22, 2009 |
| Initial expert reports | February 16, 2010 |
| Rebuttal expert reports | March 16, 2010 |
| Reply expert reports (if allowed) | April 6, 2010 |
| Sur-Reply expert reports (if allowed) | April 27, 2010 |
| Expert discovery cut-off | May 21, 2010 |
| Summary judgment motions | June 4, 2010 |
| Opposition to summary judgment | July 9, 2010 |
| Reply in support of summary judgment (if allowed) | July 30, 2010 |
| Sur-reply in opposition to summary judgment (if allowed) | August 20, 2010 |

Under this schedule, the cases would be ready for trial in October 2010.

### 2. *Connecticut and Oklahoma*

The parties have agreed that the *Connecticut* and *Oklahoma* actions should follow the same schedule as the *Douglas County* and *San Francisco Health Plan* cases through the briefing on any motions to dismiss and the deadline for joining additional parties and further amending the pleadings.  The parties have not agreed on a discovery cut-off date (and all dates thereafter) in the *Connecticut* and *Oklahoma* cases.  To the extent they disagree, the parties' respective positions are briefly set forth in Section II, below.

### C. Interrogatories

The parties have agreed that up to 25 interrogatories may be propounded on each party.

### D. Depositions

The parties have not agreed on the number of depositions to be taken in the coordinated cases.  To the extent they disagree, the parties' respective positions are set forth in Section II, below.

### E. Mediation

The parties are scheduled to meet with JAMS mediator Hon. Edward A. Infante (Ret.) on March 2, 2009 to discuss settlement prospects.  Judge Infante was the court-appointed mediator in the *New England Carpenters* action.

### II. SEPARATE STATEMENTS

### A. Discovery Cut-Off and Subsequent Schedule in *Connecticut* and *Oklahoma*

### 1. Plaintiffs' Separate Statement

Plaintiffs believe the *Connecticut* and *Oklahoma* actions can proceed on a faster track than the *Douglas County* and *San Francisco Health Plan* actions because they will not involve any class certification proceedings.[1]  The briefing and decision making involving the class issue

---

[1] The Court issued a stay at McKesson's request and lifted the stay only for the filing of the complaint.  McKesson recently issued subpoenas despite the existence of the stay.

and the inevitable Rule 23(f) petition to the First Circuit will add 6 to 9 months to the class schedule that is not needed in the Connecticut and Oklahoma cases.  In addition, the state cases will also have streamlined discovery because, for example, neither the State of Connecticut nor the State of Oklahoma utilize the services of PBMs in administering their Medicaid programs. Accordingly, Plaintiffs propose the following schedule for these cases, picking up after the deadline for joining additional parties and amending the pleadings in the *Douglas County* and *San Francisco Health Plan* proposed schedule:

| Event | Date for Connecticut and Oklahoma Cases |
|---|---|
| Fact discovery cut-off (depositions and written discovery must be completed) | August 3, 2009 |
| Initial expert reports | July 1, 2009 |
| Rebuttal expert reports | July 31, 2009 |
| Reply expert reports (if allowed) | August 14, 2009 |
| Sur-Reply expert reports (if allowed) | August 28, 2009 |
| Expert deposition cut-off | September 18, 2009 |
| Summary judgment motions | October 1, 2009 |
| Opposition to summary judgment | October 22, 2009 |
| Reply in support of summary judgment | November 5, 2009 |
| Sur-reply in opposition to summary judgment (if allowed) | November 19, 2009 |
| Trial date | December 1, 2009 |

## 2.     McKesson's Separate Statement

McKesson believes that the schedule for the *Connecticut* and *Oklahoma* actions should be the same as the schedule that the parties have agreed to in the *Douglas County* and *San Francisco Health Plan* actions.  Discovery has yet to begin in *Connecticut* and *Oklahoma*.  The *Connecticut* case was filed eight months ago; Oklahoma joined the *Douglas County* case last December.  Neither State has produced any documents, and plaintiffs' counsel have taken the position that discovery cannot even begin in the *Connecticut* case without further action by the

Court.  McKesson's proposal for an October 30 cut-off for fact discovery for all cases already represents an aggressive schedule, particularly given the need for discovery from public entities and third parties.  Plaintiffs' counterproposal for an August 3 cut-off is not workable.

Plaintiffs are wrong in suggesting that fact discovery will not overlap because Connecticut and Oklahoma do not use PBMs for their Medicaid programs.  Both the *Connecticut* and *Oklahoma* cases seek to recover on behalf a variety of prescription drugs programs for state employees, retirees, low income residents, prisoners, and others that utilize the services of PBMS, TPAs, and other third party consultants.  These third parties, once identified, will need to be subpoenaed and deposed in coordination with the other public payor cases.

Plaintiffs' argument that *Connecticut* and *Oklahoma* will not involve class certification is not a reason for adopting a different schedule.  All four cases present overlapping issues for expert discovery, summary judgment, and trial.  At this early stage in the proceedings, it would be grossly inefficient to put *Connecticut* and *Oklahoma* on a separate track.

As an alternative to setting a schedule for the whole case at this juncture, McKesson suggests that the Court should set an initial, identical schedule for all four coordinated cases that runs through the completion of non-expert discovery, with the rest of the schedule, including the possibility of coordinating subsequent proceedings, to be determined later.

### B.    Number of Depositions

#### 1.    Plaintiffs' Statement

Plaintiffs believe that depositions should be limited to no more than 25 per side.  Much of the discovery has already been done in the private class actions and, while there is certainly a need to take additional depositions, Plaintiffs do not anticipate that <u>60 additional depositions will be required</u>.

The private class actions, on behalf of classes of TPPs and co-pay consumers, provide an analogue of the discovery that will be taken in the governmental entity cases against McKesson. In those cases, McKesson took approximately 14 depositions grouped as follows:  (i) one deposition of each of the six plaintiffs for a total of six depositions; (ii) five depositions of TPP

class members (Select Health, Humana, Harvard Pilgrim, Blue Shield of California, and Blue Cross of Montana); (iii) one deposition of a PBM (Express Scripts); (iv) one deposition of a former FDB employee; and (v) one deposition of a plan consultant (Hewitt Associates).

On the plaintiffs' side, the plaintiffs took 18 depositions as follows:  (i) 10 deposition of McKesson employees; (ii) three pharmacy depositions; (iii) two manufacturer depositions; (iv) two wholesaler depositions; and (v) one deposition of a former FDB employee.

In light of this track record in the nationwide private TPP and consumer class actions, the 60 depositions (down from 70 in the last version) that McKesson now seeks are excessive and tantamount to a lawyers TARP fund for McKesson's lawyers.  For example, McKesson intends to subpoena dozens of PBMs, even though McKesson served subpoenas on the major PBMs in the non-governmental, private class actions yet took the deposition of only a <u>single</u> PBM.[2]  And McKesson should not be permitted to take any deposition of absent class members unless it can show that discovery taken of the class representatives does not suffice.  McKesson should be limited to 25 depositions, which would provide it with an opportunity to take at least two depositions of each named plaintiff in the four governmental actions, and then some.

McKesson cannot establish the need for 60 depositions and should not be permitted the opportunity to waste the time of the parties and the Court on an unwarranted fishing expedition. If McKesson finds that more than 25 depositions are needed, it should later apply for leave of Court to take more, and leave should only be granted on a showing of good cause.

### 2.    McKesson's Statement

Plaintiffs have filed nine separate public payor AWP cases.  After consolidating six of the cases into the *Douglas County* action, four separate cases will be pending.  McKesson proposes

---

[2] McKesson just issued subpoenas to three PBMs – CVS-Caremark, Express Scripts, and Medco – yet McKesson already took much of this same discovery from the PBMs in the private class actions.  McKesson should not be permitted to redo the same discovery here, and Plaintiffs will be moving to quash.

that it be allotted 60 depositions — just 5 more per case than the number allowed without court intervention under Rule 30.

This discovery is warranted because of the number and diversity of the public payor prescription drug programs involved here.  The *Connecticut* complaint, for example, alleges damages on behalf of its Medicaid program, five other public assistance programs, and "a variety of additional programs or departments, including the State's community health centers, public hospitals and Department of Corrections."  (Compl. ¶ 5.)  The other actions involve a similarly broad assortment of programs at the state, county, and municipal level.  Each of these programs is subject to different reimbursement rules and guidelines.  For example, some programs pay for drugs on a capitated basis, while others peg reimbursements to WAC, AWP, or another benchmark established by contract, statute, rule or regulation.  The ability to vary payment terms in response to higher AWP mark-ups will vary from program to program and state to state.  Because each distinct program is run by different groups of public officials, McKesson will need to depose multiple witnesses for each of the nine named plaintiffs just to respond to the claims each asserts on its own behalf.

McKesson will also need discovery from absent class members in the two public payor class actions.  For example, named plaintiff San Francisco Health Plan asserts claims on behalf of a class of all public payors in the State of California, including California's Medicaid program and hundreds of discrete county and local programs.  The *Douglas County* case similarly alleges claims on behalf of a nationwide class of governmental payors at all levels.  To defend against these claims, McKesson will need discovery regarding the types of programs plaintiffs seek to include in the class, the reimbursement methodologies for those programs, class members' knowledge regarding FDB's representations and FDB's published AWP markups, changes in class member's reimbursement methodologies and formulas in response to higher AWPs, and the extent to which these matters vary among the programs included in the class.

Finally, discovery from PBMs, claims administrators, consultants, and other advisers to public payor programs will be an important area of inquiry.  Here, it appears that each of the "big

three" PBMs — CVS, Medco, and Express Scripts (and likely others) — provides substantial services to governmental payors and other public entity clients. None of these third parties have been subject to discovery about their dealings with governmental payors.[3] Some depositions of these entities will be necessary to explore these matters. That the limited depositions taken in *New England Carpenters* allowed only one PBM to be deposed should not control here. To the contrary, McKesson's experience with the limited discovery permitted in *New England Carpenters* underlies its proposal to take more depositions in these cases.

Plaintiffs' counsel have already taken ten depositions of McKesson as well as several others regarding the scheme alleged in these public entity cases, and may well conclude that 25 more depositions are sufficient to develop their claims. By contrast, McKesson has had no discovery of these plaintiffs or the public sector programs for which they seek to recover billions of dollars. McKesson's requested total of 60 depositions represents less than seven depositions per named plaintiff, on average, with some devoted to discovery of absent public payor class members, PBMs that deal with public entities, and other third parties.

Respectfully submitted,

McKesson Corporation
By its attorneys:

/s/ Lori A. Schechter
| | |
|---|---|
| Melvin R. Goldman (*pro hac vice*) | Robert S. Frank |
| Lori A. Schechter (*pro hac vice*) | R.J. Cinquegrana |
| Paul Flum (*pro hac vice)* | Joseph H. Zwicker |
| Morrison & Foerster LLP | Choate, Hall & Stewart LLP |
| 425 Market Street | Two International Place |
| San Francisco, CA 94105-2482 | Boston, MA 02110 |

---

[3] PBM discovery in *New England Carpenters* did not include communications, contracts, and interactions with public entities, since that case was limited to non-governmental payors. The subpoenas that McKesson recently served on CVS, Medco and Express Scripts are directed to new issues raised by the public payor claims in these cases. For instance, the new subpoenas ask for "All documents concerning communications between You and Your 50 largest Public Payor clients (or any Benefit Consultants working on their behalf) concerning (a) the use of AWP as the basis for calculating prescription drug reimbursements…."

Email:  LSchechter@mofo.com
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Telephone:  (617) 248-5000
Facsimile:  (617) 502-4000

Dated:  February 11, 2009

Steve W. Berman
Sean R. Matt
Barbara A. Mahoney
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeff Friedman
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001

*Attorneys for the San Francisco Health Plan*

Dennis J. Herrera
City Attorney
Danny Chou (California Bar No. 180240)
Chief of Complex and Special Litigation
Owen Clements (California Bar No. 141805)
Chief of Special Litigation
Alex Tse
Erik Rapoport (California Bar No. 187059)
Deputy City Attorneys
OFFICE OF THE SAN FRANCISCO CITY
      ATTORNEY
1390 Market Street, 7th Floor
San Francisco, CA  94102
Telephone:  (415) 554-3900
Facsimile:  (415) 554-3985

*Attorneys for the San Francisco Health Plan and the*
*People of the State of California*

Louise H. Renne (pro hac to be filed)
Jonathan V. Holtzman (pro hac to be filed)
Allyson S. Hauck

RENNE SLOAN HOLTZMAN SAKAI LLP
350 Sansome Street, Suite 300
San Francisco, CA  94104
Telephone:  (415) 678-3800
Facsimile:   (415) 678-3838

*Attorneys for the San Francisco Health Plan*


Steve W. Berman
Sean R. Matt
Barbara A. Mahoney
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Richard Blumenthal
Attorney General
Robert B. Teitelman
Assistant Attorney General
Thomas J. Saadi
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Telephone:  (860) 808-5355
Facsimile:  (860) 808-5391

*Attorneys for the State of Connecticut*


James L. Ward, Jr.
A. Hoyt Rowell III
Richardson, Patrick, Westbrook & Brickman, LLC
P.O. Box 1007
Mt. Pleasant, SC  29465

R. Bryant McCulley
Stuart H. McCluer
McCulley McCluer PLLC
One Independent Drive, Suite 3201
Jacksonville, FL  32202

Daniel Kotchen
Daniel Low

Kotchen & Low LLP
2300 M. St., NW, Suite 800
Washington, DC  20037

*Attorneys for the Board of County Commissioners of
Douglas County, Kansas; City of Baltimore, Maryland;
City of Panama City, Florida; Anoka County, Minnesota;
City of Columbia, South Carolina; City of Goldsboro,
North Carolina; and the State of Oklahoma*

/s/ Steve Berman

Dated:  February 11, 2009

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on February 11, 2009.

/s/ Lori A. Schechter
Lori A. Schechter